IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SUSAN ASHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-91 |
| | ) | |
| MORGAN COUNTY, TENNESSEE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of the motion to dismiss filed by defendants [doc. 10]. Plaintiff has filed a response [docs. 15 and 16]. Plaintiff filed this civil rights action for alleged indifference to her medical needs while she was a pretrial detainee in the Morgan County, Jail. For the reasons stated herein, the motion will be granted in part and denied in part.

I.

Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human*

*Resources*, 902 F.2d 474, 475 (6th Cir. 1990)). The court does not have to accept as true legal conclusions or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

II.

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution. Plaintiff also alleges violation of the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated § 4-21-101 *et seq*., and state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress. Plaintiff has been granted permission to file an amended complaint adding a claim under the Fourteenth Amendment of the United States Constitution.

In her response to the motion to dismiss, plaintiff concedes that the Morgan County Sheriff's Department is not a separate legal entity subject to suit. Accordingly, defendants' motion will be granted to that extent, and the Morgan County Sheriff's Department will be dismissed as a defendant.

With regard to dismissal of the claim based on the THRA, plaintiff does not address this contention in her response. In any event, the THRA does not apply in this case.

2

The purpose and intent of the THRA is stated in pertinent part as follows:

> (1) Provide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964, 1968 and 1972, the Pregnancy Amendment of 1978, and the Age Discrimination in Employment Act of 1967, as amended;
>
> (2) Assure that Tennessee has appropriate legislation prohibiting discrimination in employment, public accommodations and housing sufficient to justify the deferral of cases by federal equal employment opportunity commission, the department of housing and urban development, the secretary of labor and the department of justice under those statutes;
>
> (3) Safeguard all individuals within the state from discrimination because of race, creed, color, religion, sex, age or national origin in connection with employment, public accommodations, and because of race, color, creed, religion, sex or national origin in connection with housing . . . .

Tenn. Code Ann. § 4-21-101(1)(2)(3).

It is apparent that this is not a case about discrimination in the work place, housing, or public accommodations. This case involves the alleged failure to provide a pretrial detainee with adequate medical care. Plaintiff has therefore not stated a claim under the THRA, and that claim will be dismissed.

Plaintiff has, however, stated a claim based on the alleged failure to provide her with medical care. Plaintiff was a pretrial detainee, and the eighth amendment does not apply to pretrial detainees. *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)). However, "the eighth amendment rights of prisoners are analogized to those of detainees under the fourteenth amendment, to

3

avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts,* 773 F.2d at 723. "In the context of medical care for prisoners and detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver,* 340 F.3d at 410 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)); *see also Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005).

The court has permitted plaintiff to amend her complaint and add a claim for alleged violation of the Fourteenth Amendment. That constitutional basis along with the facts as alleged concerning plaintiff's confinement in the Morgan County Jail are sufficient to state a claim for deliberate indifference to her medical needs. Therefore, defendants' motion to dismiss as it relates to plaintiff's § 1983 claim will be denied.

Accordingly, for the reasons stated herein, defendants' motion to dismiss will be granted in part and denied in part. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

4